IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HEARTBRAND BEEF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:08-cv-00062 |
| | § | |
| LOBEL'S OF NEW YORK, LLC, | § | |
| WORLDWIDE MEDIA, INC., | § | |
| THOUGHT CONVERGENCE, INC. | § | |
| AND YAHOO! INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT YAHOO! INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

With this lawsuit, Plaintiff Heartbrand Beef, Inc. ("Heartbrand") is improperly attempting to use the Lanham Act to monopolize the merely descriptive term AKAUSHI, a type of beef or cattle. A careful reading of the pleadings indicates that Heartbrand crafted its allegations to skirt the fundamental obstacle it faces, namely, that it has no protectable trademark rights to the term AKAUSHI. This strategy, however, has left its pleadings devoid of any cognizable claim against Defendant Yahoo! Inc. ("Yahoo!"). Heartbrand fails to assert rights to any enforceable trademarks, and likewise fails to allege facts which, even if accepted as true, state claims against Yahoo! for any infringing or otherwise impermissible activity.[1]

---

[1] Count 1 of the Complaint actually quotes portions of both Sections 43(a)(1)(A) and 43(a)(1)(B) of the Lanham Act. 15 U.S.C. § 1125(a). The Lanham Act creates two separate causes of action – one for unfair competition under Section 43(a)(1)(A), and another for false advertising under Section 43(a)(1)(B). *Mannatech, Inc. v. Glycobiotics Intern., Inc.*, No. 3-06-CV-0471, 2008 WL 918311, at *2 (N.D. Tex. Mar. 13 2008). However, Heartbrand's false advertising claim is merely a conclusory quotation of the statute lacking any underlying factual basis, and is therefore not a viable claim. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (formulaic recitation of the elements of a cause of action insufficient to overcome motion to dismiss under Rule 12(b)(6)).

Heartbrand Beef, Inc. v. Lobel's of New York, LLC et al    Doc. 24

Dockets.Justia.com

As discussed in detail below, Heartbrand's Complaint against Yahoo! should be dismissed for the following reasons:

(1) Heartbrand fails to allege that it has enforceable trademark rights in the term AKAUSHI for cattle or beef;

(2) Heartbrand fails to allege that Yahoo! is using the term AKAUSHI in commerce in a manner that can constitute trademark infringement;

(3) Heartbrand fails to allege that Yahoo! is secondarily liable for the acts of the other defendants; and

(4) Heartbrand fails to allege that any of the defendants have made any false or misleading statements about any of the parties' goods, services or commercial activities.

Yahoo! therefore moves this Court to dismiss the Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(6).

## FACTUAL BACKGROUND[2]

To the extent that Heartbrand's Complaint addresses the activities of Yahoo!, the allegations are directed to Yahoo!'s generation of third-party advertisements on the Internet. (Complaint, pars. 16 – 20). The allegations address third-party advertisements generated (1) in response to a click on the term AKAUSHI at the web site www.akaushisteaks.com, owned by Defendant Worldwide Media, Inc. (Complaint, par. 17); and (2) on search results triggered in response to a search for the term AKAUSHI at www.yahoo.com (Complaint, par. 19). Heartbrand alleges that the advertisements at issue are keyed to the term AKAUSHI.

---

[2] Since Yahoo! moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it treats the allegations contained in Heartbrand Beef's complaint as true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993); *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991).

(Complaint, par. 17). Heartbrand does not allege that Yahoo! owns the web site www.akaushisteaks.com, nor does Heartbrand allege that Yahoo! offers any goods or services under the term AKAUSHI.

Yahoo! offers on-line advertising programs. Yahoo! generates third-party advertisements that are often "keyed" to specific terms. As part of its online search engine, Yahoo! offers an advertising program (sponsored search) that allows parties to place advertisements with links to their web sites. For example, a store that sells sandals can purchase advertising space so that an advertisement and link to its web site will appear when users search for the term "sandal" on yahoo.com. These sponsored links are clearly marked as such. Yahoo! also offers a similar advertising program called Domain Match. The principles underlying the Domain Match program are essentially the same as Yahoo!'s sponsored search advertising program, except that Domain Match advertisements appear on third-party web sites instead of in the search results at yahoo.com; and the generated advertisements are pulled from an algorithmic formula that analyzes the domain. In either case, Yahoo!'s activities are primarily limited to accepting bids for terms and then generating third parties advertisements. It is important to note that the text included in the link and advertisement is created by the advertiser, not Yahoo!. Yahoo! merely provides the technical means by which the advertisements are generated.

The process by which Yahoo! generates the third-party advertisements is internal to Yahoo!, and Heartbrand does not allege otherwise. Heartbrand does not allege that Yahoo! displays AKAUSHI to the public in the sense that a trademark owner would generally offer goods or services under a mark, nor does Heartbrand allege that Yahoo! places AKAUSHI on products or services offered by Yahoo!.

## I. THE COURT SHOULD DISMISS HEARTBRAND'S COMPLAINT AGAINST YAHOO! FOR FAILURE TO STATE A CLAIM[3]

The Court should grant Yahoo!'s motion to dismiss for failure to state a claim if "it appears certain that [Heartbrand] can prove no set of facts which would support its claim and would entitle it to relief." FED. R. CIV. P. 12(b)(6). "The Court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Delgado et al. v. Citigroup, Inc*, No. V-06-39, 2007 WL 471148, at *2 (S.D. Tex. Feb. 8, 2008) (Rainey, J.) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The Court may dismiss the complaint "if it is clear that no relief could be proved consistent with the allegations." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). While a complaint does not require detailed factual allegations, a plaintiff's allegations require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atlantic Corp.*, 127 S. Ct. at 1964 (2007). In this case, dismissal is appropriate under Rule 12(b)(6) because Heartbrand can prove no set of facts which would support its claim and would entitle it to relief against Yahoo!.

To the extent Heartbrand is attempting to plead a cause of action for trademark infringement, dismissal is appropriate because: (1) Heartbrand fails to allege that it has enforceable trademark rights in the term AKAUSHI; (2) Heartbrand fails to allege that Yahoo! is using the AKAUSHI term in a manner that can constitute infringement; and (3) Heartbrand fails to allege that Yahoo! is secondarily liable for the alleged infringing acts of the other defendants.

---

[3] In addition to its Lanham Act claim in Count 1, Plaintiff also alleges unfair competition under Texas law. It is well-established that the requirements for success on the merits of a Texas unfair competition claim are substantially similar to those for the federal Lanham Act claim. *See Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998) ("A determination of a likelihood of confusion under federal law is the same as the determination of a likelihood of confusion under Texas law for a trademark infringement claim.").

To the extent Heartbrand is attempting to plead a claim for false advertising, Heartbrand fails to allege that Yahoo! made any false or misleading statements about Heartbrand's goods, services or commercial activities, as required for a false advertising claim under the Lanham Act. 15 U.S.C. § 1125(a)(1)(B). Moreover, Heartbrand cannot allege that Yahoo! is secondarily liable for acts of false advertising. Accordingly, the Court should dismiss Plaintiff's Complaint as it pertains to Yahoo! under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. HEARTBRAND HAS FAILED TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT

To prevail on a trademark infringement claim, a plaintiff must establish that (1) it has a valid mark that is entitled to protection; (2) the defendant used the mark, in commerce, in connection with the sale ... or advertising of goods or services, without the plaintiff's consent; and (3) use of the mark by the defendant is likely to cause marketplace confusion as to the source or sponsorship of the goods or services. *See American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (internal quotations omitted); *Great American Restaurant Co. v. Domino's Pizza LLC*, No. 4:07-CV-52, 2009 WL 1808532, at *5 (E.D. Tex. Apr. 21, 2008); *1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005). In this case, Heartbrand has failed to allege the required elements and has therefore failed to state a claim.

### A. HEARTBRAND HAS FAILED TO ALLEGE ENFORCEABLE TRADEMARK RIGHTS IN AKAUSHI

"Only when a trademark "rises to the level of trademark protectability - either by a showing that it is sufficiently distinctive or has acquired secondary meaning - does the question of likelihood of confusion become relevant." *Security Center, Ltd. v. First Nat. Sec. Centers*, 750 F.2d 1295, 1298 (5th Cir. 1985) (citations omitted). Heartbrand's Complaint against Yahoo! must be dismissed because it does not allege that it owns trademark rights in the term AKAUSHI, nor does it allege that AKAUSHI is distinctive. To the contrary, the complaint

alleges facts underscoring the generic or merely descriptive nature of the term. For these reasons alone, its trademark infringement claim must be dismissed.

Generic terms, which refer to a class of objects, can never function as trademarks. *See* 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 12:1 (4th ed. 2008). Likewise, merely descriptive terms without secondary meaning are not distinctive terms, and are incapable of functioning as trademarks.[4] *Security Center, Ltd.*, 750 F.2d at 1298.

With respect to the term AKAUSHI, Heartbrand's own pleading indicates that the term AKAUSHI is generic, or at best merely descriptive for a kind of cattle or beef, as follows:

> "Kyusha is one of the islands of Japan in the Mount Aso Region. AKAUSHI cattle are raised on the island of Kyusha [Japan]. The AKAUSHI cattle herds are considered to be national treasures and are a protected breed by the government of Japan." (Complaint, par. 8).

As alleged, AKAUSHI is a kind of cattle. The term is no more distinctive than "choice" or "prime" for a kind of steak. This allegation, by itself, is sufficient to dispel any notion that the term AKAUSHI is a distinctive trademark.

In addition, the Court may take judicial notice of the fact that Heartbrand has acknowledged that AKAUSHI is merely descriptive in its dealings with the United States Patent & Trademark Office. *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL 3d. § 1357 (on motion to dismiss, Court may take judicial

---

[4] "A term which is merely descriptive may, through usage by one producer with reference to his product, acquire a special significance so that to the consuming public the word has come to mean that the product is produced by a particular manufacturer. This is what is known as secondary meaning. The crux of the secondary meaning doctrine is that the mark comes to indentify not only the goods but the source of those goods. To establish secondary meaning, it must be shown that the *primary* significance of the term in the minds of the consuming public is not the product but the producer." Trademark Manual of Examining Procedure § 1212 (2008) (citations omitted); *see also Security Center, Ltd.*, 750 F.2d at 1298, 1300 - 1302. However, Heartbrand does not allege that it has trademark rights to the term AKAUSHI at all, and certainly does not allege that AKAUSHI has acquired secondary meaning in the minds of consumers.

notice of facts in the public record); *see also Piraino v. U.S. Postal Service*, 69 F. Supp. 2d 889, 893 (E.D. Tex. 1999) (citations and internal quotations omitted).

On March 25, 2006, Heartbrand applied to register HEARTBRAND AKAUSHI BEEF with the United States Patent and Trademark Office. Serial No. 78/846,131. On September 12, 2006, the Examiner at the USPTO issued an Office Action which stated that "[a]pplicant must disclaim the descriptive words 'AKAUSHI BEEF' apart from the mark as shown because they merely describe the type of beef intended to be associated with the proposed mark." In response, on February 14, 2007, Heartbrand agreed to the disclaimer without offering any argument that AKAUSHI is not descriptive. In doing so, Heartbrand stated the following:

> "No claim is made to the exclusive right to use AKAUSHI BEEF apart from the mark as shown."

Copies of the relevant USPTO papers are attached at Tab 1 to the Affidavit of Virginia E. Wolk, attached hereto as Exhibit A.

In sum, there is no reasonable argument that the term AKAUSHI is protectable. The term is generic, or at best merely descriptive, for a kind of cattle or beef. Because Heartbrand cannot show that it has an enforceable trademark in AKAUSHI, its claim for trademark infringement must be dismissed.

### A. PLAINTIFF FAILS TO ALLEGE THAT YAHOO! USED THE TERM AKAUSHI IN COMMERCE

Moreover, Heartbrand's claim for trademark infringement against Yahoo! must be dismissed because it has not alleged, nor can it allege, that Yahoo! used AKAUSHI in commerce as required for an infringement finding under the Lanham Act. The question of what type of Internet usage of trademarks constitutes use in commerce under the Lanham Act has been litigated extensively. *See Tiffany (NJ) Inc. et al. v. eBay, Inc.*, No. 04 Civ. 4607, 2008 WL 2755787, at *30 (S.D.N.Y. Jan 14, 2008). Courts "have routinely held that the use of a

trademark in keywords and metatags, where the use is strictly internal and not communicated to the public, does not constitute "use" under the Lanham Act and thus does not support a Lanham Act claim." *Id.* This is precisely the situation at issue here. Yahoo! makes use of the term AKAUSHI only as part of an entirely internal process to generate third-party advertisements. Yahoo! does not sell goods or services under AKAUSHI. It does not place AKAUSHI on goods, nor does it use the term in connection with the provision of any services. Heartbrand does not allege anything to the contrary, nor can it.

In this regard, the recent decision of *Rescuecom Corp. v. Google, Inc.*, 456 F. Supp. 2d 393 (N.D.N.Y. 2006), is particularly illustrative. The Plaintiff in *Rescuecom*, a computer services franchising company, alleged that Google's practice of allowing advertisers to bid on keywords, including trademarks, that an Internet user could enter as a search term, constituted trademark infringement. The Court dismissed the claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In doing so, the Court noted that "Defendant's internal use of plaintiff's trademark to trigger sponsored links is not a use of a trademark within the meaning of the Lanham Act, either because there is no allegation that defendant places plaintiff's trademark on any goods, containers, displays, or advertisements, or that its internal use is visible to the public." *Id.* at 403. The legal principles addressed in *Rescuecom* are precisely the issues the Court faces in the current dispute. Yahoo! does not place the term AKAUSHI on any goods that are visible to the public. It is not using the AKAUSHI term in commerce.

*Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 635, 650 (E.D. Mich. 2001), is likewise illustrative. In *Ford*, the Court dismissed a trademark infringement claim against a domain name registrar on the grounds that the mark was not use in commerce. In doing so, Judge Cleland of the Eastern District of Michigan observed the following with respect to

analyzing whether there is an actionable infringement claim: "The line dividing use of a word or symbol in its trademark and non-trademark senses is determined, in significant part, by whether it is used in connection with goods or services." *Ford*, 177 F. Supp. 2d at 649. This is precisely the rationale that warrants dismissal of this case.[5]

Heartbrand fails to allege that Yahoo! is using AKAUSHI in a manner that can constitute infringement - as a source identifier for Yahoo!'s own products or services. Heartbrand has failed to state claim, and its claim for direct trademark infringement against Yahoo! must be dismissed.

### B. HEARTBRAND HAS FAILED TO STATE A CLAIM FOR CONTRIBUTORY TRADEMARK INFRINGEMENT

Heartbrand's Complaint likewise fails to state a claim for contributory trademark infringement. Contributory infringement can occur in one of the two following circumstances: (1) when a party intentionally induces a third party to infringe the plaintiff's mark; or (2) when a manufacturer or distributor continues to supply its <u>product</u> to a third party whom it knows, or has reason to know is engaging in trademark infringement. *See Inwood Laboratories, Inc., v. Ives Laboratories, Inc.*, 456 U.S. 844, 854 (1982); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 828 (5th Cir. 1998) (refusing to find contributory liability where defendant did not know that it was supplying parts to someone engaged in infringing activity); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983-85 (9th Cir. 1999). Heartbrand does not allege in this

---

[5] *See also 1-800 Contacts, Inc.*, 414 F.3d at 409 (reversing trial court's grant of a preliminary injunction against use of plaintiff's mark to trigger pop-up advertising); *Fragrancenet.com, Inc. v. FragranceX.com, Inc.*, 493 F. Supp. 2d 545, 555 (E.D.N.Y. 2007) (denying as futile plaintiff's motion for leave to amend complaint to include a count alleging trademark infringement by sponsored linking); *Merck & Co. Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 415-16 (S.D.N.Y. 2006) (use of a trademark as a keyword to trigger defendants' websites as sponsored links did not involve placement of the trademark "on any goods or containers or displays" nor did it "indicate source or sponsorship" and therefore was not use for trademark purposes); *Wells Fargo & Co. et al. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734, 762 (E.D. Mich. 2003), ("WhenU does not use any of the plaintiffs' trademarks to indicate anything about the source of the products and services it advertises.").

case that Yahoo! is *intentionally inducing* any of the other defendants to infringe Heartbrand's Mark. Accordingly, Heartbrand has not alleged a violation under the first prong of the *Inwood* test. *See Inwood Laboratories, Inc.*, 456 U.S. at 854. Moreover, the second prong could not apply in this case. Yahoo! is not a manufacturer or distributor, and has not continued to supply product to one whom it knows or has reason to know is engaging in trademark infringement. *See id.*

With respect to the second prong, the *Lockheed Martin* case is illustrative. In *Lockheed Martin*, the plaintiff alleged that a domain name registrar, Network Solutions, was liable for contributory trademark infringement based upon a third party's registration of a domain name that allegedly infringed Lockheed Martin's SKUNK WORKS trademark. The *Lockheed Martin* Court correctly observed that prong two of the *Inwood* test is directed to a manufacturer of a product that it knows to be infringing, even if the manufacturer itself does not directly distribute the infringing product to the consuming public. For prong two to apply, a defendant manufacturer must supply a product under a mark to a third party to be liable for contributory trademark infringement. *Lockheed Martin*, 194 F.3d at 985. Because Network Solutions merely provided a domain name registrar service, and did not exercise direct control of the direct infringer, the claim for contributory infringement was dismissed. *See also Watts v. Network Solutions, Inc.*, No. IP 98-1529-C, 1999 WL 778589, at *6 n.1 (S.D. Ind. May 7, 1999), *aff'd* 202 F.3d 276 (7th Cir. 1999); *Fare Deals, Ltd. v. World Choice Travel.com, Inc. et al.*, 180 F. Supp. 2d 678, 689-91 (E.D. Va. 2001) (refusing to find contributory infringement because the defendant "neither provided a product to the owners or operators of the web site nor directly controlled and monitored the site in a manner sufficient to justify expansion of the 'supplies a product' requirement to include [defendant's] activity.").

Likewise, in this case, Yahoo! is not a manufacturer, and is not providing any <u>product</u> under AKAUSHI, nor has Heartbrand alleged as much. Heartbrand also has not alleged that Yahoo! directly controls and monitors any of the third-party advertisers with respect to Heartbrand's Mark. Accordingly, Heartbrand has failed to state a claim for contributory trademark infringement.

### C. HEARTBRAND HAS FAILED TO ALLEGE THAT YAHOO! HAS AUTHORITY TO BIND OR EXERCISE CONTROL OVER THIRD-PARTY ADVERTISERS AS REQUIRED FOR VICARIOUS INFRINGEMENT

Heartbrand has also not alleged vicarious infringement. To be liable for vicarious infringement as a joint tortfeasor, Yahoo! must have had the authority to bind the third-party advertisers with respect to the use of Heartbrand's Marks, or must have otherwise exercised joint ownership or a requisite control over the third-party advertiser's Web pages or products. *See David Berg and Co. v. Gatto Int'l Trading Co. Inc*, 884 F.2d 306, 311 (7th Cir. 1989) (finding defendants not liable because of the lack of evidence that they had "any type of partnership agreement, that they held themselves out to the public or operated as a partnership, that either had authority to bind the other in any transaction with any third party, or that they exercised joint ownership of, or control over, the [allegedly infringing products] after they were sold"); *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143 (7th Cir. 1992) (finding the defendant not vicariously liable); *Fare Deals, Ltd.,* 180 F. Supp. 2d at 678 ("[a]bsent a principal-agent relationship between [defendant] and the owners and operators of the [web site], [defendant] cannot be vicariously liable for their tortious acts."). Here, Heartbrand fails to allege the requisite partnership, nor has it alleged that Yahoo! exercised the requisite control or authority over the third-party advertisers. Accordingly, Heartbrand has failed to state a claim for vicarious liability as well.

## II. HEARTBRAND HAS FAILED TO STATE A CLAIM FOR FALSE ADVERTISING

Heartbrand likely anticipated that its infringement claim would fail for lack of a protectable mark, among other reasons. This may explain why Heartbrand also included in Count 1 some conclusory, quoted language from Section 43(a)(1)(B) of the Lanham Act – the false advertising prong. A plaintiff must establish the following five elements to make out a *prima facie* case of false advertising under the Lanham Act: (1) A false or misleading statement of fact about a product; (2) Such statement either deceived or had the capacity to deceive a substantial segment of potential consumers; (3) The deception was material, in that it is likely to influence the consumer's purchasing decision; (4) The product is in interstate commerce; and (5) The plaintiff has been or is likely to be injured as a result of the statement at issue. *IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 375 (5th Cir. 2002).

Notwithstanding its conclusory allegation contained in Count 1, as a threshold matter, Heartbrand has not alleged that any of the defendants made false or misleading statements of fact. There is certainly no allegation that Yahoo! made any false or misleading statements. To the contrary, the entire complaint is directed to the appearance of sponsored links. To be actionable under Section 43(a)(1)(B), a statement must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut, Inc. v. Papa John's Intern, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000). Heartbrand has not identified in its pleadings a single false or misleading statement of fact made by Yahoo!, or any of the other defendants for that matter. This deficiency is fatal to Heartbrand's false adverting claim.

Moreover, Heartbrand only alleges that the statements are misleading as opposed to literally false. Accordingly, Heartbrand must establish that the misleading statements are material. *Id.* The materiality element requires Heartbrand to establish that the challenged

statements caused actual marketplace deception for damages, or have a tendency to cause deception for injunctive relief. *Id.* However, Heartbrand fails to even make the allegation. In fact, Heartbrand only assumes that "a person searching for the word 'Akaushi' is normally looking for a source of Akushi (sic) steaks or beef." (Complaint, pars. 20, 24). Heartbrand does not allege that consumers are deceived, nor does it allege that consumers are likely to be deceived. There is therefore no factual basis for a finding of deception. Heartbrand's Complaint must therefore be dismissed for failure to allege materiality.

Lastly, for the reasons discussed in Sections II(c) and (d) of this brief relating to secondary liability in the trademark context, Yahoo! likewise cannot be secondarily liable for the false statements made by others. *See Inwood Laboratories, Inc.,* 456 U.S. 844 at 854. Heartbrand has not alleged that Yahoo! intentionally induced others to commit false advertising, nor has Heartbrand alleged that Yahoo! exercised the requisite control or authority over the other defendants. *See Emery v. Visa Int'l Ass'n. et al.,* 95 Cal. App. 4th 952, 964 (2002) ("There is no duty to investigate the truth of statements made by others."); *see also McCulloch v. Ford Dealers Adver. Ass'n.,* 234 Cal. App. 3d 1385, 1391 (1991); *Walters v. Seventeen Magazine,* 195 Cal. App. 3d 1119, 1122 (1987). Heartbrand has therefore failed to state a claim for false advertising.

## III. CONCLUSION

Heartbrand fails to state any cognizable claim against Yahoo! It fails to allege that it has enforceable trademark rights, and likewise fails to allege that Yahoo! is using any of Heartbrand's marks in interstate commerce. Heartbrand has likewise failed to state a claim for false advertising. Accordingly, this Court should dismiss Heartbrand's Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

BRACEWELL & GIULIANI LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone: 210/226-1166
Facsimile: 210/226-1133

*Kelli M Borbon with permission*

Annalyn G. Smith
State Bar No. 18532500     State Bar No. 00796750
Southern District No. 13330     Southern District No. 22235
annalyn.smith@bgllp.com

David S. Fleming
*Admitted Pro Hac Vice*
dfleming@usebrinks.com
Howard S. Michael
*Admitted Pro Hac Vice*
hmichael@brinkshofer.com
BRINKS HOFER GILSON & LIONE, P.C.
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611-5599
Telephone: 312/321-4200
Facsimile: 312/321-4299

ATTORNEYS FOR DEFENDANT
YAHOO! INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

*Counsel for Plaintiff:*
Mr. Ted D. Lee
Gunn & Lee, P.C.
700 North St. Mary's Street, Suite 1500
San Antonio, Texas 78205

*Counsel for Defendant Thought Convergence, Inc.:*
Mr. George A. Yuhas
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, California 94015

*Kelli M Borbon with permission for*
Annalyn G. Smith