Heartbrand Beef, Inc. v. Lobel's of New York, LLC et al                                          Doc. 31

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| HEARTBRAND BEEF, INC. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:08-cv-00062 |
| | ) |
| vs. | ) Judge John D. Rainey |
| | ) |
| LOBEL'S OF NEW YORK, LLC, | ) |
| WORLDWIDE MEDIA, INC., THOUGHT | ) |
| CONVERGENCE, INC. and YAHOO! INC. | ) |
| | ) |
| Defendants. | ) |

**MOTION BY DEFENDANT LOBEL'S OF NEW YORK, LLC TO DISMISS UNDER FRCP RULE 12(B) FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND/OR FAILURE TO JOIN A REQUIRED PARTY**

DEFENDANT LOBEL'S OF NEW YORK, LLC ("Defendant") moves to dismiss the action under Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP") because:

1. Defendant is not subject to the personal jurisdiction of this Court;

2. Venue is improper, as Defendant does not reside in this district and no part of the events or omissions giving rise to the claim occurred in the district; and/or

3. Plaintiff failed to join a required party in accordance with FRCP Rule 19.

**I. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT**

This Court has no basis to exercise jurisdiction over nonresident Defendant Lobel's of New York, LLC. To determine the existence of personal jurisdiction over a nonresident defendant, we must reference the state's long-arm statute and the due process clause of the Fourteenth Amendment. Because Texas' long-arm statute extends to the fullest constitutional limits, this process is conflated into one decision. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199 (Tex. 1985).

1

The exercise of personal jurisdiction over nonresident defendants satisfies due process when two requirements are met. First, the nonresident defendant "must have purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum state." International Shoe Co. v. Washington, 326 U.S. 310 (1945). The defendant's connection with the forum state should be such that he reasonably should anticipate being hauled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1890). Second, the exercise of personal jurisdiction over the nonresident defendant cannot offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316.

The due process clause of the Fourteenth Amendment guarantees that *in personum* jurisdiction may only be asserted over a nonresident defendant corporation if that defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation omitted). In assessing personal jurisdiction, the court must resolve the question based on the circumstances that the particular case presents. Burger King v. Rudzewicz, 471 U.S. 462, 485 (1985).

A court may exercise personal jurisdiction over a defendant if the defendant has specific or general contacts with the forum. Specific jurisdiction is appropriate only if the cause of action is related to or arises out of the defendant's forum-related activities, so that it should reasonably expect to be hauled into court. Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). The defendant must have

"purposefully directed his activities at residents of the forum" and the litigation must have resulted from alleged injuries that "arise out of or relate to those activities." BP Chem. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King, 471 U.S. at 472). This determination is both claim-specific and defendant-specific. See Remick v. Manfredy, 238 F.3d 248, 255-56 (3d Cir. 2001); Rusk v. Savchuk, 444 U.S. 320, 332 (1980).

If the cause of action does not "arise out of" the defendant foreign corporation's activities, a court may assert general jurisdiction if the corporation has "continuous and systematic" contacts with the forum state. Helicopteros Nacionales, 466 U.S. at 414-415. The standard for evaluating whether minimum contacts satisfy the test for general jurisdiction is more stringent than the test applied to questions of specific jurisdiction. See Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1998).

**There is no basis to exercise specific or general personal jurisdiction over Defendant Lobel's of New York, LLC in the present case. There is no evidence demonstrating the present action arose out of Defendant's contact or activities in Texas, such that Defendant should "reasonably expect being hauled into court" in Texas. Saudi v. Acomarit Maritime Services, Inc., 245 F.Supp.2d 662, 669 (E.D. Pa. 2003) (quoting Vetrotex, 75 F.3d at 151). Nor does Defendant have sufficient continuous and substantial contacts with Texas to establish general jurisdiction over Defendant.** Plaintiff's claims against Defendant relate only to activities taking place outside the State of Texas. Not one "material event" or "operative fact" affecting Plaintiff's rights is alleged to have taken place in Texas. Further, Plaintiff's alleged injury did not arise from any activities Defendant "purposefully directed" at Texas.

As attested in the affidavit of Stanley Lobel annexed hereto as <u>Exhibit A</u>, Defendant Lobel's of New York, LLC is a New York limited liability company with its principal place of business in Purchase, New York. Defendant is the parent company of a Delaware limited liability company having the same name. Defendant is merely a holding company, it has no offices, employees or sales people and conducts no business anywhere, including Texas.

Significantly, even Defendant's subsidiary (although not a party to this action) is without Texas contacts. As attested in the Lobel Aff. (<u>Exh. A</u>), the subsidiary – also known as Lobel's of New York, LLC – is a Delaware limited liability company with its principal place of business in Purchase, New York. The subsidiary is engaged in the business of the sale of meat products, but it has no offices, employees, sales people or other physical presence in Texas and does not conduct any business activities in Texas.

Notwithstanding, Plaintiff alleges in paragraph 7 of the complaint herein (annexed hereto as <u>Exhibit B</u>) that "Through the use of internet, the Defendants have done business in the Western District of Texas". Plaintiff is incorrect as a matter of law.

First, as discussed above, Defendant is merely a holding company and is not engaged in any business anywhere by any means, including the internet. More specifically, Defendant does not have a website and, therefore, does not even have the *means* to conduct business through the use of the internet.

Second, while Defendant's subsidiary does have a website, the subsidiary is not a party to this action. Moreover, as a matter of law the subsidiary's internet activity is insufficient to establish personal jurisdiction in Texas, even if the subsidiary *were* a party to this action. In <u>Mink v. AAAA Development, LLC</u>, 190 F.3d 333 (5th Cir. 1999), the

court applied a "spectrum" test to decide if a nonresident defendant's internet activity would establish general jurisdiction, as follows:

> At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which involve the knowing and repeated transmission of computer files over the Internet. In this situation, jurisdiction is proper. At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website.

Id. at 336 (internal quotation marks and citations omitted); *see also* Zippo Mfg. Co. v. Sippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997).

In Mink, supra, the court held that the defendant's website fell on the "passive" end of the spectrum, even though the site contained an e-mail link as an order form which the customer could print, complete and return by mail. Accordingly, the court held that personal jurisdiction was lacking. 190 F.3d at 337.

More recently, in a decision in a case in this Court known as Optimal Beverage Company, Inc. v. United Brands Company, Inc. (H-06-cv-1386) (a copy of which decision is annexed hereto as Exhibit C), this Court held that even a more interactive website is not necessarily enough to establish personal jurisdiction. As stated by the court:

> [M]ere interactivity, even when coupled with evidence of actual transactions with forum state residents, is not enough to establish general jurisdiction.

5

Id. at 6. See also Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002).

In Optimal, the Court held that specific jurisdiction, like general jurisdiction, *also* is not established merely by website interactivity unless there is evidence that the website resulted in a substantial level of actual commerce with forum state residents. Plaintiff had argued that its trademark claims arose from defendant's marketing and sale of a certain product, that Defendant "expressly aimed" its product website at Texas customers, and that both the website and purchase by at least one Texas customer are contacts out of which this cause of action arises. The Court rejected these arguments, holding that minimum contacts and personal jurisdiction are not established unless "a substantial percentage of the allegedly infringing products were being sold in Texas, and that [Defendant] was aware of this fact". (Exh. C, p. 8) As the Court succinctly stated:

> [Plaintiff] has not shown that [Defendant] picked a fight in Texas, nor has it provided any other basis for concluding that [Defendant] could reasonably have expected to be hauled before a court in Texas.

As attested in the Lobel Aff. (Exh. A), in the case at Bar, Defendant's subsidiary does not expressly aim its product website at Texas customers, and only a negligible percentage of its product sales has ever been made to Texas customers.[1] Therefore, as in Optimal, supra, the requisite minimum contacts to establish personal jurisdiction are lacking in the case at Bar.

## II. **VENUE IS IMPROPER**

In paragraphs 6 and 7 of the complaint (Exh. B), Plaintiff alleges that subject matter jurisdiction herein is based upon both the Lanham Act (15 U.S.C. §1125(a)) and

---

[1] Parenthetically, product deliveries are by a private shipping company and not the United States Postal Service.

6

diversity of citizenship (28 U.S.C. §1332). Accordingly, the venue of this action is determined pursuant to 28 U.S.C. §1391(b), which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The defendants in the case at Bar do not all reside in the same State. Defendant Lobel's of New York, LLC resides in New York; Defendant Worldwide Media, Inc. is alleged to reside in Florida; and Defendants Thought Convergence, Inc. and Yahoo! Inc. are alleged to reside in Delaware. Therefore, venue under subsection (1) above (i.e., in a common residence State) does not apply and, in any event, would not form the basis for venue in Texas.

Subsection (2) likewise does not form the basis for venue in Texas, as a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in Texas, nor is a substantial part of property that is the subject of the action situated in Texas. Essentially, Plaintiff's claim is that Defendants established certain "bait and switch" internet links improperly directing users to a website allegedly operated by Defendant Lobel's of New York, LLC.[2] However, Plaintiff makes no allegation that the acts creating these links occurred in Texas, and in fact such acts did not occur there. Similarly, the property which is purportedly the subject of this action (i.e., intellectual

---

[2] As discussed above, the website is actually operated by Defendant's subsidiary, which is not a party to this action.

property, electronic data, and internet links and domain names) are not "situated" in Texas.[3]

Therefore, pursuant to 28 U.S.C. §1391(b), the only proper venue in this action is under subsection (3) above, i.e., a judicial district in which any defendant may be found. Since no defendant may be found in Texas, venue in Texas is improper.

## III. PLAINTIFF FAILED TO JOIN A REQUIRED PARTY

FRCP Rule 19(a)(1) provides as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

As discussed above and attested in the Lobel Aff. (Exh. A), Defendant Lobel's of New York, LLC is not the owner or operator of the "Lobel's" website which is the subject of this action. Rather, the website is owned and operated by Defendant's subsidiary, a Delaware resident. Therefore, the subsidiary company falls squarely within the provisions of Rule 19(a)(1) above as a required party.

---

[3] While not the subject of this motion, it should be noted that the term "Akaushi" – to which Plaintiff claims a property right – is not a trademark name. It is simply a word that refers to a type of cattle, the same way that "Angus beef" does. Therefore, Plaintiff's claim for infringement of the use of this word is frivolous on its face, and if Defendant is required to answer the complaint, such complaint will include a demand for sanctions under Rule 11.

Accordingly, Plaintiff's failure to join the subsidiary as a party herein mandates dismissal of the action.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety, based on lack of personal jurisdiction, improper venue and failure to join a required party.

Dated: October 6, 2008

          Respectfully submitted,

          _____
          Gregg S. Baker, Attorney-in-Charge
          New York State Bar No. 2223196
          Admitted Pro Hac Vice
          CORRIGAN & BAKER, LLC
          1311 Mamaroneck Avenue, Suite 215
          White Plains, New York 10605
          Telephone: (914) 468-0190
          Facsimile: (914) 468-0199
          gbaker@corriganbaker.com
          Counsel for Defendant Lobel's of New York, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I filed the foregoing instrument with the Clerk of the Court by Federal Express overnight delivery, and on the same date served true copies thereof on counsel of record by United States first class mail, postage pre-paid and properly addressed as follows:

*Counsel for Plaintiff:*
Ted D. Lee, Esq.
Gunn & Lee, P.C.
700 North St. Mary's Street, Suite 1500
San Antonio, Texas 78205

*Counsel for Defendant Worldwide Media, Inc.:*\*
Randolph Wolfe, Esq.
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, Florida 33602

\*Courtesy copy to party which has not appeared in this action as of the date hereof.

*Counsel for Defendant Thought Convergence, Inc.:*
George A. Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105

*Counsel for Defendant Yahoo! Inc.:*
Annalyn G. Smith
Bracewell & Giuliani LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205

Gregg P. Baker