UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HEARTBRAND BEEF, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:08-cv-00062 |
| | § | |
| LOBEL'S OF NEW YORK, LLC, | § | |
| WORLDWIDE MEDIA, INC. THOUGHT | § | |
| CONVERGENCE, INC. and YAHOO! INC. | § | |
| Defendants. | § | |

# PLAINTIFF'S RESPONSE TO "DEFENDANT YAHOO! INC'S MOTION TO DISMISS"

Plaintiff, Heartbrand Beef, Inc. ("Heartbrand") hereby files this "Plaintiff's Response to 'Defendant Yahoo! Inc.'s Motion to Dismiss.'" The entirety of Yahoo!'s Motion to Dismiss and Memorandum in support thereof[1] focus on requesting that the Court dismiss Heartbrand's claims for *Trademark Infringement* and *False Advertising*. Yahoo!'s Motion to Dismiss and Memorandum are fatally flawed inasmuch as <u>Heartbrand has not alleged a claim for Trademark Infringement or False Advertising.</u> The Court cannot dismiss causes of action that Heartbrand has not alleged, and therefore, must deny Yahoo!'s Motion to Dismiss as moot.

## I. FACTS

### *A. Procedural History.*

Heartbrand filed the original Complaint against Defendants Lobel's of New York, LLC ("Lobel's") and Worldwide Media, Inc. ("Worldwide") on July 25, 2008.[2] At that time, Heartbrand complained that Worldwide's operation of the domain www.akaushisteaks.com, and Lobel's use of the term AKAUSHI thereon to link to Lobel's website, www.lobels.com,

---

[1] Docket Nos. 23 and 24.
[2] Docket No. 1.

1

constituted a False Designation of Origin under Section 43(a) of the Lanham Act, as well as Common Law Unfair Competition.[3] After filing the original Complaint, Heartbrand learned that Worldwide used an aggregator (Thought Convergence) to manage the domain www.akaushisteaks.com, and that Thought Convergence, in turn, had an arrangement with Yahoo! to maximize the number of click throughs for the domain www.akaushisteaks.com.[4] Upon learning this information, Heartbrand filed its Amended Complaint on August 5, 2008, naming Thought Convergence and Yahoo! as Defendants.

## B.     The Bait-and-Switch Circle.

Germane to the issues in this case is the fact that Heartbrand is <u>the only</u> source of Akaushi beef in the United States.[5] Akaushi cattle are a breed of cattle exclusive to the Kyusha Island in Japan.[6] Akaushi beef is regarded as a high quality meat due to its marbling characteristics and unique fatty acid composition, which makes it healthier than other types of meat.[7] While Akaushi cattle are highly guarded by the Japanese Government, Heartbrand's predecessor in interest was able to obtain a small number of purebred Akaushi cattle and imported those few Akaushi cattle into Texas.[8] Since that time, Heartbrand has bred herds of purebred Akaushi cattle in Texas, and has taken great care in protecting the herds and controlling the lineage of the Akaushi cattle.[9]

All of the measures to protect the lineage and herds of Akaushi cattle have been taken by Heartbrand to ensure that Heartbrand is the only source for pure Akaushi beef in the United States. Therefore, when Heartbrand learned of the www.akaushisteaks.com website and the

---

[3] *Id.* at ¶14.
[4] Docket No. 3, ¶¶18-19.
[5] *Id.* at ¶15.
[6] *Id.* at ¶8.
[7] *Id.* at ¶9.
[8] *Id.* at ¶ 8 and 13.
[9] *Id.* at 14.

links thereon using the term "Akaushi" to lead to Lobel's website, Heartbrand immediately became alarmed because (a) Heartbrand had not authorized Worldwide to use the term AKAUSHI in a domain name, and (b) Heartbrand does not sell Akaushi beef to Lobel's. What Heartbrand later learned was that all four Defendants – Lobel's, Worldwide, Thought Convergence and Yahoo! – took active parts to falsely portray to the public that Lobel's sells Akaushi beef. Specifically, the Defendants took active parts in setting up the website www.akaushisteaks.com and linking the term "Akaushi" thereon to lead back to Lobel's so that Lobel's could sell more of its non-Akaushi beef to the public. It is a classic bait-and-switch in which each Defendant took part.

The following chart shows the relationship of all four Defendants with regard to the acts of which Heartbrand complains:



As shown in the chart, Lobel's has purchased certain beef related search terms (to be a sponsored link) from Yahoo!, including the term "Akaushi."  Yahoo! has a relationship or arrangement with Thought Convergence wherein Thought Convergence will provide as many domain names as possible for "click throughs" to Yahoo!.[10]  Thought Convergence is also an aggregator for Worldwide, which provides domain management services and posts content, including hyperlinks, on www.akaushisteaks.com.[11]  Of course, Worldwide owns the domain name www.akaushisteaks.com.[12]  As alleged in the Amended Complaint, a consumer visiting www.akaushisteaks.com wishing to purchase Heartbrand's Akaushi beef would click on any of the five different uses of the word Akaushi thereon, and be lead to www.lobels.com to purchase non-Akaushi beef from Lobel's.[13]  Yahoo!, Worldwide and Thought Convergence are all paid by Lobel's from each click through.[14]

As a result of these facts, all of which are alleged in the Amended Complaint, Heartbrand has asserted two claims against the Defendants – one for False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and one for Common Law Unfair Competition.[15]  Heartbrand has not asserted a claim in the Amended Complaint against any defendant, including Yahoo!, for Federal Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114, nor has Heartbrand asserted a claim for Common Law Unfair Competition.  Likewise, Heartbrand has not asserted a claim for False Advertising.

---

[10] *Id.* at ¶19.
[11] *Id.* at ¶18.
[12] *Id.* at ¶16.
[13] *Id.*
[14] *Id.* at ¶20.
[15] *Id.* at ¶¶25-31.

## II. AUTHORITY AND AGRUMENT

*A. Authority*

"A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is 'appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.'"[16] A Rule 12(b)(6) motion to dismiss should not be granted "unless the plaintiff's pleadings on their face show, beyond a doubt, that the plaintiff cannot prove any set of facts sufficient to entitle him to relief."[17] "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18] Generally, 12(b)(6) motions to dismiss are disfavored, and are rarely granted.[19] "The [C]ourt must accept the factual allegations as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in plaintiff's favor."[20]

*B. The Court cannot dismiss claims which Heartbrand has not asserted.*

Of the thirteen pages of Yahoo!'s Memorandum in support of its Motion to Dismiss, eleven pages are wholly dedicated to requesting the Court to dismiss a "trademark infringement" claim. On page four of the Memorandum, Yahoo! states "*[t]o the extent that Heartbrand is attempting to plead a cause of action for trademark infringement,* dismissal is appropriate because: (1) Heartbrand fails to allege that it has enforceable *trademark* rights in the term AKAUSHI for cattle or beef; (2) Heartbrand fails to allege that Yahoo! is using the term AKAUSHI in commerce in a manner that can constitute *trademark infringement*; and (3)

---

[16] *Bowers v. Nicholson,* Civ A. No. H-07-1910, 2007 WL 3047223, slip op. at *3 (S.D. Tex. October 18, 2007)(citations omitted).
[17] *Doss v. Morris,* 86 Fed Appx. 28, 27, 2004 WL 57735, *1 (5th Cir. 2004).
[18] *Kahng v. City of Houston,* 485 F.Supp.2d 787, 788 (S.D. Tex. 2007).
[19] *Dell, Inc. v. This Old Store, Inc.,* Civ. A. No. H-07-0561, 2007 WL 2903845, slip op. at *2 (S.D. Tex. October 3, 2007)(*citing Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005).
[20] *Bowers,* 2007 WL 3047223 at *3.

Heartbrand fails to allege that Yahoo! is secondarily liable for the acts of the other defendants."[21] What follows thereinafter for the next seven pages are arguments dedicated to asking the Court to dismiss alleged claims for (a) trademark infringement, (b) contributory trademark infringement, and (c) vicarious trademark infringement.[22]

Claims for False Designation of Origin and Trademark Infringement are separate causes of action under separate sections of the Lanham Act.[23] Nowhere in the Amended Complaint will the Court find a cause of action for Trademark Infringement under Section 32 of the Lanham Act. Likewise, Heartbrand has not asserted a claim for Common Law Trademark Infringement. Yet, the substantial majority of Yahoo!'s Motion and Memorandum ask the Court to dismiss these claims. The Court cannot dismiss a cause of action which Heartbrand has not asserted. Therefore, the Court must deny Yahoo!'s Motion to Dismiss the nonexistent Trademark Infringement claims as moot.

C.  *The Amended Complaint supports a claim for False Advertising against Yahoo!*

The remainder of the Motion to Dismiss and Memorandum in support thereof asks the Court to dismiss a cause of action for False Advertising under 15 U.S.C. §1125(a)(1)(B). Once again, Yahoo! has asked the Court to dismiss a claim which has not been asserted. In its first cause of action, Heartbrand has asserted a claim for False Designation of Origin under 15 U.S.C. §1125 (a)(1)(A), not False Advertising under 15 U.S.C. §1125(a)(1)(B).[24] False Designation of Origin and False Advertising are separate causes of action under separate subsections of 15

---

[21] Docket No. 24, pg. 4. [Emphasis added].
[22] *Id.* at pgs. 5-11.
[23] Section 32, 15 U.S.C. § 1114 addresses Trademark Infringement, whereas Section 43, 15 U.S.C. § 1125(a) addresses False Designation of Origin.
[24] Docket No. 3, ¶6 ("This is an action for **false designation of origin** and unfair competition pursuant to §43(a) of the Lanham Act, 15 U.S.C. §1125(a)."); ¶¶25-28.

6

U.S.C. §1125(a). Because Heartbrand has not asserted a claim for False Advertising, Yahoo!'s Motion should again be denied as moot.

However, if the Court is inclined to construe Heartbrand's False Designation of Origin claim to include a claim for False Advertising, the Amended Complaint alleges more than sufficient facts to state such a claim against Yahoo!. A False Advertising claim under 15 U.S.C. §1125(a)(1)(B) requires:

> (1) A false or misleading statement of fact about a product;
>
> (2) Such statement either deceived or had the capacity to deceive a substantial segment of potential consumers;
>
> (3) The deception was material, in that it is likely to influence the consumer's purchasing decision;
>
> (4) The product is in interstate commerce; and
>
> (5) The plaintiff has been or is likely to be injured as a result of the statement at issue.[25]

When the Court accepts the factual allegations in the Amended Complaint as true and views them in a light most favorable to Heartbrand, it is apparent that Heartbrand has alleged sufficient facts to support a claim for False Advertising against Yahoo!. As alleged in the Amended Complaint, Yahoo! has acted with Lobel's, Worldwide and Thought Convergence to arrange the maximum number of click throughs from www.akaushisteaks.com to Lobel's website, using the term Akaushi.[26] By doing so, Yahoo! has taken active part with the other Defendants to switch consumers looking for Akaushi beef to non-Akaushi products sold by Lobel's through the www.akaushisteaks.com website. Moreover, as alleged in the Amended Complaint, a search for the term "Akaushi" on Yahoo!'s website indicates www.lobels.com as

---

[25] *I.Q. Products Co. v. Pennzoil Products Co.,* 305 F.3d 368, 375 (5th Cir. 2002).
[26] Docket No. 3, ¶¶16-20 and 23.

the first paid listing.[27] What makes these statements by Yahoo! and the other Defendants false is that Heartbrand is the only source of Akaushi beef in the United States.

Indeed, all indications by Yahoo! that Lobel's sells Akaushi beef - whether on its own website or through arranging for click throughs to Lobel's website through www.akaushisteaks.com - are materially false statements that, at the very least have the capacity to deceive consumers desiring to purchase Akaushi beef. Moreover, by switching the consumer to Lobel's website where Lobel's non-Akaushi beef products are for sale, Yahoo!'s false statement is likely to influence consumers desiring to purchase Akaushi beef, resulting in lost sales of Akaushi beef products by Heartbrand. Thus, if the Court is to construe the Amended Complaint to include a False Advertising claim in addition to Heartbrand's False Designation of Origin claim, the facts alleged in the Amended Complaint more than adequately support such a cliam. Accordingly, Yahoo!'s Motion to dismiss must be denied.

### III. CONCLUSION AND PRAYER

Because Heartbrand has not asserted claims for Trademark Infringement or False Advertising, there is no basis to grant Yahoo!'s Motion to Dismiss. Therefore, the Court must deny the Motion to Dismiss as moot. In the alternative, if the Court is to construe the Amended Complaint as including a claim for False Advertising, Yahoo!'s Motion to Dismiss must be denied because the factual allegations in the Amended Complaint clearly support such a cause of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Heartbrand Beef, Inc. prays that this Court deny "Defendant Yahoo!, Inc.'s Motion to Dismiss", and grant Plaintiff any further relief, whether at law or in equity, that the Court deems just and proper.

---

[27] *Id.* at ¶19.

Respectfully submitted,

GUNN & LEE, P.C.
700 North St. Mary's St., Suite 1500
San Antonio, Texas 78205
(210) 886-9500 Telephone
(210) 886-9883 Facsimile


By:\_\_/s/ Ted D. Lee_____
    Ted D. Lee
    State Bar No. 12137700

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 27th day of October, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

C. David Kinder
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
**Defendant Worldwide Media, Inc.**

Gregg S. Baker
Corrigan & Baker LLC
1311 Mamaroneck Ave. Suite 215
White Plains, NY 10605
**Defendant Lobel's of New York, LLC**

George A. Yuhas
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
**Defendant Thought Convergence, Inc.**

Annalyn G. Smith
Bracewell & Giuliani, LLP
106 S. St. Mary's Street, Suite 800
San Antonio, TX 78205
**Defendant Yahoo! Inc.**

David S. Fleming
Howard S. Michael
Brinks Hofer Gilson & Lione
455 N. City Front Plz. Dr.
Chicago, IL 60611
**Defendant Yahoo! Inc.**

                       By:  /s/ Ted D. Lee
                            Ted D. Lee