UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HEARTBRAND BEEF, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:08-cv-00062 |
| § | |
| LOBEL'S OF NEW YORK, LLC, § | |
| WORLDWIDE MEDIA, INC. THOUGHT § | |
| CONVERGENCE, INC. and YAHOO! INC. § | |
| § | |
| Defendants. § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The Rule 26(f) conference was held by telephone conference on Thursday, October 16, 2008 at 9:00 a.m. Counsel who attended are as follows:

   A. Ted D. Lee on behalf of Plaintiff Heartbrand Beef, Inc.
   B. Howard S. Michael on behalf of Defendant Yahoo!, Inc.
   C. Annalyn G. Smith on behalf of Defendant Yahoo!, Inc.
   D. George A. Yuhas on behalf of Defendant Thought Convergence, Inc.
   E. David Kinder on behalf of Defendant Worldwide Media, Inc.
   F. Gregg S. Baker on behalf of Defendant Lobel's of New York, LLC
   G. John Corrigan on behalf of Defendant Lobel's of New York, LLC

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. <u>Briefly</u> describe what this case is about.

   Plaintiff has sued defendants claiming false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 25(a) and Common Law Unfair

1

Competition based on Defendants' alleged use of the term AKAUSHI and the web site www.akaushisteaks.com.

4. Specify the allegation of federal jurisdiction.

   The allegation of jurisdiction is under 15 U.S.C. § 1121, 15 U.S.C. § 1125(a) and 28 U.S.C. § 1338(a). Allegation of jurisdiction is also made under 28 U.S.C. § 1332.

5. Name the parties who disagree and the reasons.

   Defendant Worldwide Media, Inc. disagrees that this court has personal jurisdiction as it pertains to Worldwide Media, Inc. Defendant Lobel's of New York, LLC disagrees that this court has personal jurisdiction as it pertains to Lobel's of New York, LLC.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

7. List anticipated interventions.

   None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial disclosures have not been made by any party in this matter. The parties have made arrangements to complete initial disclosures within fourteen (14) days of the date of the Rule 26(f) conference of attorneys, with the exception of Defendant Lobel's of New York, LLC. Lobel's of New York, LLC objects to producing initial disclosures until its pending "Motion by Defendant Lobel's of New York, LLC to Dismiss Under FRCP Rule 12(b) for Lack of Personal Jurisdiction, Improper Venue And/Or Failure to Join a Required Party", Docket No. 31, is decided by the Court. Lobel's of New York, LLC plans to raise this issue with the Court at the upcoming conference with the Court on November 3, 2008.

10. Describe the proposed agreed discovery plan, including:

A.  Responses to all the matters raised in Rule 26(f).

   No changes will be made to the time, form, or requirements for initial disclosures under Rule 26(a), except for the objection of Lobel's of New York, LLC noted in paragraph 9 hereinabove. Discovery will be needed on the subjects of: the relationship of the defendants to one another, the activities of the defendants in connection with the word AKAUSHI, the domain name [www.akaushisteaks.com](www.akaushisteaks.com), the content of the website of the domain name [www.akaushisteaks.com](www.akaushisteaks.com), Plaintiff's use of the term AKAUSHI, Plaintiff's alleged rights to the term AKAUSHI, third-party use of the term AKAUSHI, and any other issues identified during discovery. By agreement of the parties, discovery should be completed nine months after issue is joined. It is not necessary to conduct discovery in phases or for discovery to be limited to or focused on any particular issues. Electronically stored information should be produced in a form or forms which it is ordinarily maintained or in a reasonably usable form or forms, pursuant to Rule 34(b)(2(E)(ii) of the Federal Rules of Civil Procedure. A Protective Order protecting confidential and attorneys' eyes only information will need to be entered in this case prior to production of any confidential documents. There are no other issues about claims of privilege or of protection as trial preparation materials.

B.  When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiff anticipates sending interrogatories to the defendants prior to the close of discovery.

C.  When and to whom the defendant anticipates it may send interrogatories.

   Defendants anticipate they will send interrogatories to plaintiff and the co-defendants prior to the close of discovery.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

   Plaintiff anticipates taking depositions of corporate representatives of defendants, any fact witnesses of defendants and any experts designated by defendants prior to the close of discovery.

E.  Of whom and by when the defendant anticipates taking oral depositions.

   Defendants anticipate taking oral depositions of the corporate representative and fact witnesses of plaintiff and co-defendants, and third parties identified in discovery, and any experts designated by plaintiff prior to the close of discovery.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate experts and produce expert reports ninety (90) days prior to the close of discovery, and Defendants will be able to designate responsive experts and produce expert reports sixty (60) days before the close of discovery.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Depositions of experts designated by defendants will be completed prior to the close of discovery. Plaintiff anticipates taking the depositions of all designated experts of defendants.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Depositions of experts designated by Plaintiff will be completed prior to the close of discovery. Defendants anticipate taking the depositions of all designated experts of plaintiff.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Lobel's of New York, LLC objects to producing initial disclosures until its pending "Motion by Defendant Lobel's of New York, LLC to Dismiss Under FRCP Rule 12(b) for Lack of Personal Jurisdiction, Improper Venue And/Or Failure to Join a Required Party", Docket No. 31, is decided by the Court. Lobel's of New York, LLC plans to raise this issue with the Court at the upcoming conference with the Court on November 3, 2008.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

Nine months after issue is joined.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

It was discussed that plaintiff may be able to settle with Defendant Lobel's of New York, LLC, Defendant Worldwide Media, Inc., and Defendant Thought Convergence, Inc. In that regard, settlement documents have been circulated. However, settlement has not been completed as of the filing of this document. Preliminary settlement discussions have occurred between Plaintiff and Defendant Yahoo!, Inc.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiff and Defendants Lobel's of New York, LLC, Worldwide Media, Inc. and Thought Convergence, Inc. are in discussions to promptly resolve the differences between them. It is believed that these differences will be resolved soon, and Defendants Lobel's of New York, LLC, Worldwide Media, Inc. and Thought Convergence will be dismissed from this lawsuit with prejudice.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Plaintiff believes that mediation will be effectively used in this case, and believes that mediation would be proper after the close of discovery.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties' joint position is that they would not elect to proceed on a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    No jury has yet been demanded. Defendant Yahoo! Inc. reserves the right to demand a jury.

19. Specify the number of hours it will take to present the evidence in this case.

    Plaintiff and Defendant Yahoo! Inc. anticipates that it will take thirty (30) hours to present evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    The following motions could be ruled on at the pre-trial and scheduling conference:

    A.      "Defendant Yahoo! Inc.'s Motion to Dismiss", Docket No. 23.

B. "Motion by Defendant Lobel's of New York, LLC to Dismiss Under FRCP Rule 12(b) for Lack of Personal Jurisdiction, Improper Venue And/Or Failure to Join a Required Party", Docket No. 31.

C. "Worldwide Media, Inc.'s Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2); or In The Alternative, Motion to Dismiss Amended Complaint for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3); or In The Alternative, Motion to Transfer Venue Pursuant to 12 U.S.C. § 1406(a)", Docket No. 27.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Lobel's of New York, LLC objects to producing initial disclosures until its pending "Motion by Defendant Lobel's of New York, LLC to Dismiss Under FRCP Rule 12(b) for Lack of Personal Jurisdiction, Improper Venue And/Or Failure to Join a Required Party", Docket No. 31, is decided by the Court. Lobel's of New York, LLC plans to raise this issue with the Court at the upcoming conference with the Court on November 3, 2008.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff(s)

Ted D. Lee
Texas State Bar No.12137700
Gunn, Lee & Cave, P.C.
700 N. St. Mary's St., Suite 1500
San Antonio, Texas 78205
(210) 886-9500 (Telephone)
(210) 886-9883 (Telefax)

Counsel for Defendant(s)

| | |
|---|---|
| Howard S. Michael<br>Illinois State Bar No. 6256396<br>Brinks Hofer Gilson & Lione<br>455 N. Cityfront Plz. Dr.<br>Chicago, Illinois 60611<br>(312) 321-4200 (Telephone)<br>(312) 321-4299 (Telefax) | Counsel for Defendant Yahoo!, Inc. |
| David S. Fleming<br>Illinois State Bar No. 6180222<br>Brinks Hofer Gilson & Lione<br>455 North Cityfront Plaza Dr., #3600<br>Chicago, Illinois 60611-5599<br>(312) 321-4200 (Telephone)<br>(312) 321-4299 (Telefax) | Counsel for Defendant Yahoo!, Inc. |
| Annalyn G. Smith<br>Texas State Bar No. 18532500<br>Bracewell & Giuliani LLP<br>106 South St. Mary's Street, #800<br>San Antonio, Texas 78205<br>(210) 226-1166 (Telephone)<br>(210) 226-1133 (Telefax) | Counsel for Defendant Yahoo!, Inc. |
| George A. Yuhas<br>California State Bar No. 78678<br>Orrick, Herrington & Sitcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94105 | Counsel for Defendant Thought Convergence, Inc. |

(415) 773-5700 (Telephone)
(415) 773-5759 (Telefax)

C. David Kinder  Counsel for Defendant Worldwide Media, Inc.
Texas State Bar No. 11432550
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Telefax)

Dan Harkins  Counsel for Defendant Worldwide Media, Inc.
Texas State Bar No. 09008900
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Telefax)

Gregg S. Baker  Counsel for Defendant Lobel's of New York, LLC
New York State Bar No. 2223196
Corrigan & Baker, LLC
1311 Mamaroneck Avenue, Suite 215
White Plains, New York 10605
(914) 468-0190 (Telephone)
(914) 468-0199 (Telefax)

John P. Corrigan  Counsel for Defendant Lobel's of New York, LLC
New York State Bar No. 2353647
Corrigan & Baker, LLC
1311 Mamaroneck Avenue, Suite 215
White Plains, New York 10605
(914) 468-0190 (Telephone)
(914) 468-0199 (Telefax)

Respectfully submitted,

s/ Ted D. Lee
Ted D. Lee
Texas State Bar No.12137700
Gunn, Lee & Cave, P.C.
700 N. St. Mary's St., Suite 1500
San Antonio, Texas 78205
(210) 886-9500 (Telephone)
(210) 886-9883 (Telefax)
COUNSEL FOR PLAINTIFF

s/ Howard S. Michael
Howard S. Michael
Illinois State Bar No. 6256396
Brinks Hofer Gilson & Lione
455 N. Cityfront Plz. Dr.
Chicago, Illinois 60611
(312) 321-4200 (Telephone)
(312) 321-4299 (Telefax)

s/ Annalyn G. Smith
Annalyn G. Smith
Texas State Bar No. 18532500
Bracewell & Giuliani LLP
106 South St. Mary's Street, #800
San Antonio, Texas 78205
(210) 226-1166 (Telephone)
(210) 226-1133 (Telefax)

COUNSEL FOR DEFENDANT
YAHOO! INC.


s/ George A. Yuhas
George A. Yuhas
California State Bar No. 78678
Orrick, Herrington & Sitcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105
(415) 773-5700 (Telephone)
(415) 773-5759 (Telefax)
COUNSEL FOR DEFENDANT
THOUGHT CONVERGENCE, INC.

s/ C. David Kinder_____
C. David Kinder
Texas State Bar No. 11432550
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Telefax)
COUNSEL FOR DEFENDANT
WORLDWIDE MEDIA, INC.

s/ Gregg S. Baker_____
Gregg S. Baker
New York State Bar No. 2223196
Corrigan & Baker, LLC
1311 Mamaroneck Avenue, Suite 215
White Plains, New York 10605
(914) 468-0190 (Telephone)
(914) 468-0199 (Telefax)
COUNSEL FOR DEFENDANT
LOBEL'S OF NEW YORK, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

C. David Kinder
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
**Defendant Worldwide Media, Inc.**

Gregg S. Baker
Corrigan & Baker LLC
1311 Mamaroneck Ave. Suite 215
White Plains, NY 10605
**Defendant Lobel's of New York, LLC**

George A. Yuhas
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
**Defendant Thought Convergence, Inc.**

Annalyn G. Smith
Bracewell & Giuliani, LLP
106 S. St. Mary's Street, Suite 800
San Antonio, TX 78205
**Defendant Yahoo! Inc.**

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

David S. Fleming
Howard S. Michael
Brinks Hofer Gilson & Lione
455 N. City Front Plz. Dr.
Chicago, IL 60611
**Defendant Yahoo! Inc.**

By: ___/s/ Ted D. Lee_____
     Ted D. Lee