IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HEARTBRAND BEEF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:08-cv-00062 |
| | § | |
| LOBEL'S OF NEW YORK, LLC, | § | |
| WORLDWIDE MEDIA, INC., | § | |
| THOUGHT CONVERGENCE, INC. | § | |
| AND YAHOO! INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT YAHOO! INC.'S MOTION FOR LEAVE TO FILE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Yahoo! Inc. ("Yahoo!") and files this its Motion for Leave to File its Response to Plaintiff's Response to Yahoo!'s Motion to Dismiss. Yahoo! would show the Court as follows:

1. On October 6, 2008, Yahoo! filed its Motion to Dismiss.

2. On October 27, 2008, Plaintiff Heartbrand Beef, Inc. ("Heartbrand") filed its Response.

3. Yahoo!'s Motion for Leave is brought to clarify the applicable law pertaining to this case. Yahoo!'s Reply is necessary to address the arguments raised by Heartbrand in its Response and to provide the Court with authority relating to the Lanham Act which explains the merits of Yahoo!'s Motion to Dismiss and why Heartbrand's arguments are misplaced.

4. Yahoo!'s Motion is not for the purposes of delay, but to ensure that the Court is properly briefed on relevant facts and the law. Granting this motion will not delay discovery or trial in this matter in any way.

5. A copy of Yahoo!'s Reply is attached hereto as Exhibit 1 and is incorporated herein by reference.

## CERTIFICATE OF CONFERENCE

6. Counsel for Heartbrand was contacted by telephone and indicated that he did not oppose this motion.

WHEREFORE, PREMISES CONSIDERED, Defendant Yahoo! Inc. prays that this Defendant's Motion for Leave to File Reply to Plaintiff's Response to Yahoo!'s Motion to Dismiss be granted.

Respectfully submitted,

BRACEWELL & GIULIANI LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone: 210/226-1166
Facsimile: 210/226-1133

Annalyn G. Smith
State Bar No. 18532500
Southern District No. 13330
annalyn.smith@bgllp.com

David S. Fleming
*Admitted Pro Hac Vice*
dfleming@usebrinks.com
Howard S. Michael
*Admitted Pro Hac Vice*
hmichael@brinkshofer.com
BRINKS HOFER GILSON & LIONE, P.C.
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611-5599
Telephone:    312/321-4200
Facsimile:    312/321-4299

ATTORNEYS FOR DEFENDANT
YAHOO! INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

| *Counsel for Plaintiff:*<br>Mr. Ted D. Lee<br>Gunn & Lee, P.C.<br>700 North St. Mary's Street, Suite 1500<br>San Antonio, Texas 78205 | *Counsel for Defendant*<br>*Lobel's of New York, LLC:*<br>Mr. Gregg S. Baker<br>Corrigan & Baker, LLC<br>1311 Mamaroneck Avenue, Suite 215<br>White Plains, New York 10605 |
|---|---|
| *Counsel for Defendant*<br>*Thought Convergence, Inc.:*<br>Mr. George A. Yuhas<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94015 | *Counsel for Defendant*<br>*World Wide Media, Inc.:*<br>Mr. C. David Kinder<br>Mr. Dan Harkins<br>Cox Smith Matthews Incorporated<br>112 East Pecan Street, Suite 1800<br>San Antonio, Texas 78205 |

_____
Annalyn G. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HEARTBRAND BEEF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:08-cv-00062 |
| | § | |
| LOBEL'S OF NEW YORK, LLC, | § | |
| WORLDWIDE MEDIA, INC., | § | |
| THOUGHT CONVERGENCE, INC. | § | |
| AND YAHOO! INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANT YAHOO! INC.'S
MOTION FOR LEAVE TO FILE DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO DISMISS**

On this day came on to be considered Defendant Yahoo! Inc.'s Motion for Leave to File Defendant Yahoo! Inc.'s Reply to Plaintiff's Response to Defendant Yahoo! Inc.'s Motion to Dismiss. Having considered the motion, the Court is of the opinion that is should be granted.

It is according ORDERED that Defendant Yahoo! Inc.'s Reply to Plaintiff's Response to Defendant Yahoo! Inc.'s Motion to Dismiss be and is hereby GRANTED and said Reply is hereby filed as of this date.

Signed this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HEARTBRAND BEEF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:08-cv-00062 |
| | § | |
| LOBEL'S OF NEW YORK, LLC, | § | |
| WORLDWIDE MEDIA, INC., | § | |
| THOUGHT CONVERGENCE, INC. | § | |
| AND YAHOO! INC., | § | |
| | § | |
| Defendants. | § | |

## YAHOO!'S REPLY TO HEARTBRAND BEEF'S OPPOSITION TO YAHOO!'S MOTION TO DISMISS

As Yahoo! indicated in its supporting brief to its motion to dismiss, Count 1 in Heartbrand's amended complaint, as well as its second amended complaint, quotes directly from both Section 43(a)(1)(A) and 43(a)(1)(B) of the Lanham Act. In fact, Count 1 includes the following textbook trademark infringement allegation from Section 43(a)(1)(A)[1]:

---

[1] Heartbrand incorrectly contends that a claim for trademark infringement under the Lanham Act can only be brought under Section 32. (Heartbrand's Opposition Brief, pp. 4, 6). This is an incorrect statement of law. Infringement claims can be brought under both Sections 32 and 43(a) of the Lanham Act. The difference between the two is that Section 32 provides a cause of action for the infringement of a federally <u>registered</u> mark, while Section 43(a) provides a cause of action for an unregistered mark. *See Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258 (5th Cir. 1980); *see also Pebble Beach Co. v Tour 181, Ltd*, 942 F. Supp. 1513, 1536 (S.D. Tex. 1996) ("Section 43(a) of the Lanham Act provides a civil cause of action for infringement of unregistered marks."). Yahoo! does not make any reference in its brief to Section 32 of the Lanham Act. Its analysis is limited to the claim under Section 43(a), which is the same section identified in Count 1 of Plaintiff's complaint. Indeed, Yahoo! references Section 43(a) of the Lanham in its supporting brief at least six different times, and never refers to Section 32.

> Defendants' conduct complained of hereinabove constitutes use in commerce of words or terms that are a misleading description fact, or misleading representation of fact, which: (a) <u>is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants **with Plaintiff**, or as to the origin, sponsorship or approval of Defendants goods **by Plaintiff**</u>.[2]

Section 43(a) claims under the Lanham Act are often described by different labels, including but not limited to unfair competition, trademark infringement, passing off, palming off and false designation of origin. As United States Supreme Court Justice John Paul Stevens observed in assessing a claim under Section 43(a), "[w]hether we call the violation infringement, unfair competition or false designation of origin, the test is identical – is there a likelihood of confusion?" *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (Stevens, J. concurring); *see also Pebble Beach Co. v Tour 181, Ltd*, 942 F. Supp. at 1536. ("Section 43(a) of the Lanham Act provides a civil cause of action for infringement of unregistered marks.").

It was therefore reasonable for Yahoo! to interpret Heartbrand's pleadings as trademark infringement, unfair competition and/or false advertising. Heartbrand now takes the position, however, that it never alleged trademark infringement or false advertising, and that it has only alleged false designation of origin under the Lanham Act in Count 1. This contention is dubious at best. The Fifth Circuit has ruled that the required elements for a false designation of origin claim are the same as a false advertising under Section 43(a) of the Lanham Act. *See IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 375 (5th Cir. 2002). Accordingly, if

---

[2] <u>Compare</u> to the elements for infringement as set forth in the Restatement (Third) of Unfair Competition: "One is subject to liability for infringement of another's trademark, trade name, collective mark, or certification mark if the other's use has priority under the rules stated in § 19 and in identifying the actor's business or in marketing the actor's goods or services the actor uses a designation that causes a likelihood of confusion: (a) that the actor's business is the business of the other or is associated or otherwise connected with the other; or (b) that the goods or services marketed by the actor are produced, sponsored, certified, or approved by the other; or (c) that the goods or services marketed by the other are produced, sponsored, certified, or approved by the actor." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 20 (2008).

Heartbrand had truly intended to only plead a cause of action for false designation of origin, it had no reason to quote the infringement language from Section 43(a)(1)(A), as provided above. In any event, Heartbrand concedes that it has failed to state a claim for unfair competition, trademark infringement and false advertising under the Lanham Act, and instead argues that it has stated a claim for false designation of origin. Because the elements for direct and secondary liability are the same, for the reasons provided in Sections II(c), II(d) and III of Yahoo!'s supporting brief directed to false advertising and secondary liability, Heartbrand has likewise failed to state a claim for false designation of origin. Heartbrand's complaint against Yahoo! should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## HEARTBRAND HAS FAILED TO STATE A CLAIM UNDER SECTION 43(A) OF THE LANHAM ACT

In the Fifth Circuit, the elements for a claim of false designation of origin and false advertising under Section 43(a) are the same. *See IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 375 (5th Cir. 2002); *York Group, Inc. v. York Southern, Inc.*, No. H-06-0262, 2006 WL 3057782, at *4 (S.D. Tex. Oct. 26, 2006) (When comparing the elements for a false designation of origin claim and a false advertising claim, the court noted that "the elements for both types of § 43(a) claims are the same in the Fifth Circuit."). As Yahoo! noted in its supporting brief, the required elements are: (1) A false or misleading statement of fact about a product; (2) Such statement either deceived or had the capacity to deceive a substantial segment of potential consumers; (3) The deception was material, in that it is likely to influence the consumer's purchasing decision; (4) The product is in interstate commerce; and (5) The plaintiff has been or is likely to be injured as a result of the statement at issue. *Id.*

To be actionable under Section 43(a), a statement must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of

objective fact." *Pizza Hut, Inc. v. Papa John's Intern, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000). As Yahoo! indicated in its supporting brief, the text included in the link and advertisements at issue is created by the advertiser, not Yahoo!. (Yahoo! supporting brief, p. 4). Heartbrand does not allege otherwise. Yahoo! merely provides the technical means by which the advertisements are generated. *Id.* Heartbrand has not identified in its pleadings a single false or misleading statement of fact made by Yahoo! – or *any* statement of fact made by Yahoo!, and Heartbrand ignored this requirement entirely in its opposition brief as it relates to Yahoo!. This deficiency is fatal to Heartbrand's claim for false designation of origin against Yahoo!.

Moreover, Heartbrand only alleges that the statements are misleading as opposed to literally false. Accordingly, Heartbrand must establish that the misleading statements are material. *Id.* The materiality element requires Heartbrand to establish that the challenged statements caused actual marketplace deception for damages, or have a tendency to cause deception for injunctive relief. *Id.* However, Heartbrand fails to even make the allegation. In fact, Heartbrand only assumes that "a person searching for the word 'Akaushi' is normally looking for a source of Akushi (sic) steaks or beef." (Complaint, pars. 20, 24). Heartbrand does not allege that consumers are deceived, nor does it allege that consumers are likely to be deceived. There is therefore no factual basis for a finding of deception, and Heartbrand's Complaint must be dismissed for failure to allege materiality.

Lastly, if there is any actionable claim against Yahoo! in this case, it <u>must</u> be for secondary liability as opposed to direct liability. Heartbrand has not alleged that Yahoo! sells beef, nor has Heartbrand alleged that Yahoo! made any statements of fact relating to AKAUSHI. However, for the reasons discussed in Sections II(c) and (d) of Yahoo! supporting brief relating to secondary liability, Yahoo! cannot be secondarily liable for the false statements made by

others. *See Inwood Laboratories, Inc.,* 456 U.S. 844 at 854. Heartbrand does not allege that Yahoo! intentionally induced others to make false statements, nor has Heartbrand alleged that Yahoo! exercised the requisite control or authority over the other defendants. *See Emery v. Visa Int'l Ass'n. et al.*, 95 Cal. App. 4th 952, 964 (2002) ("There is no duty to investigate the truth of statements made by others."); *see also McCulloch v. Ford Dealers Adver. Ass'n.*, 234 Cal. App. 3d 1385, 1391 (1991)*; Walters v. Seventeen Magazine*, 195 Cal. App. 3d 1119, 1122 (1987). Heartbrand has therefore failed to state a claim for secondary liability for false designation of origin under Section 43(a).

## CONCLUSION

In sum, Heartbrand's second amended complaint must be dismissed for the following reasons:

1. Heartbrand concedes that it has failed to state a claim for unfair competition, trademark infringement and/or false advertising under Section 43(a).

2. Heartbrand does not have rights to the term AKAUSHI - a required element for direct or secondary liability under Section 43(a);

3. Yahoo! does not use the term AKAUSHI in commerce – a required element for direct or infringement under Section 43(a);

4. Heartbrand has not alleged that Yahoo! made any statements of fact - a required element for direct or secondary infringement under Section 43(a)(1)(B); and

5. Yahoo!'s actions do not meet the standards for secondary liability as set forth in *Inwood Labs*.

For these reasons, and the reasons set forth in Yahoo!'s supporting brief, Heartbrand's complaint against Yahoo! must be dismissed.

Respectfully submitted,

Date: October 31, 2008

*[signature]*

Annalyn G. Smith
Bracewell & Giuliani LLP
106 S. St. Mary's Street, Suite 800
San Antonio, Texas 78205-3603
T: 210.299.3472 | F: 210.299.0125 (703) 641-4227

David S. Fleming
Howard S. Michael
BRINKS HOFER GILSON & LIONE, P.C.
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
(312) 321-4200

Attorneys for Defendant Yahoo! Inc.