# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **HEARTBRAND BEEF, INC.,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-08-62** |
| | § | |
| **LOBEL'S OF NEW YORK, LLC;** | § | |
| **WORLDWIDE MEDIA, INC.;** | § | |
| **THOUGHT CONVERGENCE, INC.; and** | § | |
| **YAHOO! INC.,** | § | |
| | § | |
|     **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Yahoo! Inc.'s ("Yahoo!") Motion to Dismiss. Dkt. No. 23. Plaintiff Heartbrand Beef, Inc. ("Heartbrand") responded (Dkt. No. 34) and Yahoo! replied to the response (Dkt. No. 49). Also pending is Heartbrand's Motion for Leave to File Second Amended Complaint. Dkt. No. 38. Having considered the motions, replies, and the relevant law, the Court finds that Yahoo!'s motion should be GRANTED in part and DENIED in part, and Heartbrand's motion should be DENIED as moot.

## Background

Heartbrand's Amended Complaint (Dkt. No. 3) alleges a "bait-and-switch" operation engaged in by four defendants, including Yahoo!.[1] Heartbrand sells Akaushi beef, meat from Akaushi cattle, a heavily regulated breed of cow from Japan. Dkt. No. 3, ¶¶ 13-15. Heartbrand believes that it is the only provider of Akaushi beef in the United States. *Id.* ¶ 15. Heartbrand alleges that one defendant, Worldwide Media, operated a website called akaushisteaks.com. *Id.*

---

[1] Yahoo! is the only remaining defendant in this case, the other three having already been dismissed after settling with Heartbrand. *See* Dkt. Nos. 52, 53, 57.

1

¶ 16. That website apparently contained no actual content, but instead was a collection of links. *Id.* Some of these links included the word "Akaushi." *Id.* When a user of akaushisteaks.com clicked an "Akaushi" link, they were taken to lobels.com. *Id.* Lobel's is a seller of beef, but they do not offer Akaushi beef.

Heartbrand's complaint against Yahoo! is that when a user searched for "Akaushi" on yahoo.com, the first "paid listing" was lobels.com. *Id.* ¶ 19. In other words, Heartbrand complains that Yahoo! sold Lobel's the right to have lobels.com be the first result for the keyword "Akaushi."

Heartbrand alleges that the defendants, including Yahoo!, have violated the Lanham Act, specifically 15 U.S.C. § 1125(a), as well as Texas's common law of unfair competition.

**Standard**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts"

standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plausibility, as contrasted with speculation, is the touchstone: plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974.

**Analysis**

Yahoo! devotes a substantial portion of its memorandum in support of its motion to dismiss to arguing that Heartbrand has not adequately alleged trademark infringement, contributory trademark infringement, or vicarious trademark infringement. Heartbrand, however, did not attempt to make any trademark infringement claims. Heartbrand's only two claims, labeled Count 1 and Count 2 in its Amended Complaint, are for "False Designation of Origin" and "Common Law Unfair Competition." Dkt. No. 3 at 6. To the extent that the motion asks the Court to dismiss claims that are not presented, the motion is denied.

The Fifth Circuit has identified the false designation of origin claim as arising from 15 U.S.C. § 1125(a)(1)(A). *See Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 565 (5th Cir. 2005). However, the Fifth Circuit has also identified this subsection as giving rise to a "false advertising" claim. *See Logan v. Burgers Ozark Country Cured Hams*, 263 F.3d 447, 461 (5th Cir. 2001). The *Test Masters* panel, though, stated that false advertising claims arise under section 1125(a)(1)(B). *Test Masters Educ. Servs.*, 428 F.3d at 565. Heartbrand, while identifying its claim as "false designation of origin," actually quoted both subsection (a)(1)(A) *and* (a)(1)(B).

Fortunately, while there appears to be confusion over terminology and code sections, the Fifth Circuit consistently lists five elements to be proven whether the claim arises under subsection (a)(1)(A) or (B), and regardless of what the claim is labeled:

> (1) The defendant made a false or misleading statement of fact about its product or service;
> (2) The statement either deceived or had the capacity to deceive a substantial

3

segment of potential consumers;
(3) The deception was material, in that it was likely to influence consumers' purchasing decisions;
(4) The product or service is in interstate commerce; and
(5) The plaintiff has been or is likely to be injured as a result of the statement at issue.

*See Pizza Hut v. Papa John's Intern.*, 227 F.3d 489, 495 (5th Cir. 2000); *see also York Group v. Horizon Casket Group*, 459 F. Supp. 2d 567, 575-76 (S.D. Tex. 2006) (citing cases construing both sections). As these elements imply, a false designation of origin case is very often one of "passing off" or "reverse passing off": a defendant markets and sells its product under the trade name or dress of a competitor (to capitalize on the goodwill and brand loyalty the competitor has built up) or markets and sells the competitor's products under defendant's trade name and dress (perhaps to capitalize on the competitor's superior products, or to save on manufacturing costs). Yahoo! obviously does not fit into these classic models because Yahoo! is not in the business of selling beef.

Still, the Court will analyze Heartbrand's complaint in light of the elements listed above. The Court need go no farther than the first element, however. Heartbrand does not identify any actual statement made by Yahoo!. Heartbrand's allegation as to Yahoo! is that, at the direction of other parties, Yahoo! placed a link to lobels.com in response to a user searching for the term "Akaushi." To call this a "statement" would stretch the meaning of that word.

Further, even if Heartbrand has alleged that Yahoo! made a statement in placing an advertisement, Heartbrand has certainly not alleged that Yahoo! made a statement about *Yahoo!'s* products or services. Thus, because Heartbrand has not alleged facts supporting the first element of its claim, Heartbrand has failed to state a claim for false designation of origin under the Lanham Act against Yahoo!.

Heartbrand also makes a claim for relief under "common law unfair competition." Dkt. No. 3 at 6. Yahoo! hardly speaks to this claim. Its only mention of the claim is in a footnote which

4

argues that Texas unfair competition law is "substantially similar" to the Lanham Act. Dkt. No. 24 at 4 n.3. Yahoo! cites *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188 (5th Cir. 1998), for this proposition. That case, however, is about trademark infringement. As discussed above, trademark infringement is not at issue in this case. Thus, Yahoo! has presented no grounds on which the Court can dismiss the state law claim.

On October 29, 2008, after Yahoo!'s motion and Heartbrand's response, but before Yahoo!'s reply, Heartbrand filed a motion for leave to file a second amended complaint. Dkt. No. 38. Heartbrand's proposed second amended complaint adds two paragraphs and makes no other alterations. Neither of these two paragraphs is relevant to Yahoo!. Rather, they deal with parties that have since been dismissed from the case. Thus, the motion to amend the complaint should be denied as moot.

## Conclusion

For the foregoing reasons, Yahoo!'s Motion to Dismiss is GRANTED as to Heartbrand's false designation of origin claim and DENIED as to the nonexistent trademark infringement claim and common law unfair competition claim. Further, Heartbrand's Motion for Leave to File Second Amended Complaint is DENIED as moot.

It is so ORDERED.

Signed this 5th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE